[Cite as *Bumpus v. Ward*, 2014-Ohio-267.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARTHA BUMPUS | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellee | |
| -vs- | |
| | Case No. 13CA13 and 13CA14 |
| LLOYD WARD, P.C., ET AL. | |
|     Defendants-Appellants | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Knox County Court of Common Pleas, Case No. 11OT05-0260 |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT ENTRY: | January 22, 2014 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendants-Appellants |
|---|---|
| JEREMIAH E. HECK<br>KATHERINE L. KEENAN<br>LUFTMAN, HECK & ASSOCIATES, LLP<br>580 East Rich Street<br>Columbus, Ohio 43215 | BRYAN B. JOHNSON<br>5003 Horizons Drive, Suite 200<br>Columbus, Ohio 43220-5292 |
| BRIAN M. GARVINE<br>Law Office of Brian M. Garvine, LLC<br>5 E. Long Street, Suite 1100<br>Columbus, Ohio 43215 | |

*Hoffman, P.J.*

**{¶1}** Defendants-appellants Lloyd Ward, P.C. dba Lloyd Ward and Associates, Lloyd Ward Group, LLC, and Lloyd Ward, individually, and as Director and Owner of Lloyd Ward, P.C., ("Appellants") appeal separate judgment entries entered by the Knox County Court of Common Pleas denying their separate motions to enforce a forum selection clause and to compel arbitration in favor of Plaintiff-appellee Martha Bumpus.

STATEMENT OF THE PROCEDURAL HISTORY[1]

**{¶2}** On July 24, 2010, the parties entered into an agreement entitled "Client Services Agreement- Savings and Debt Negotiation" whereby Appellee agreed to enroll $37,410 of credit card debt in Appellants' debt reduction program in exchange for Appellant's efforts to negotiate down Appellee's debt to a manageable amount.

**{¶3}** On May 6, 2011, Appellee filed a complaint in the Knox County Court of Common Pleas against Appellants alleging violations of the Ohio Consumer Sales Practices Act, the Ohio Credit Services Organization Act, the Ohio Credit Repair Organization Act, fraud and piercing of the corporate veil.

**{¶4}** On June 23, 2011, Appellants filed a motion to dismiss for failure to state a claim, or in the alternative to change venue based solely on the doctrine of forum non-conveniens.

**{¶5}** On January 23, 2012, the trial court sustained the motion.

**{¶6}** Later that same day, the docket indicates Appellee filed a notice of voluntary dismissal without prejudice, pursuant to Civil Rule 41(A).

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

**{¶7}** On February 22, 2012, Appellee filed a notice of appeal from the trial court's January 23, 2012 Judgment Entry sustaining Appellants' motion to dismiss.

**{¶8}** Via opinion and Judgment Entry filed October 9, 2012, this Court reversed the decision of the trial court which had sustained Appellants' motion to dismiss, and remanded the case to the trial court for further proceedings. *Bumpus v. Ward*, Fifth Dist. Knox. No. 2012 CA 5, 2012-Ohio-4674.

**{¶9}** On November 9, 2012, Appellee filed a motion to vacate her January 23, 2012 notice of voluntary dismissal filed pursuant to Civil Rule 41(A). Appellants opposed the motion. On January 2, 2013, the trial court issued an entry granting Appellee's motion to vacate her Civil Rule 41(A) notice of dismissal.

**{¶10}** On March 25, 2013, Appellants filed a motion to enforce the forum selection clause in the agreement. Appellee opposed the motion.

**{¶11}** On April 3, 2013, Appellants filed a motion to compel arbitration. Appellee again opposed the motion.

**{¶12}** On June 12, 2013, the trial court issued an entry denying Appellant's motion to enforce the forum selection clause, and separately issued an entry denying Appellants' motion to compel arbitration.

**{¶13}** On June 18, 2013, Appellants filed separate notices of appeal from the June 12, 2013 judgment entries of the Knox County Court of Common Pleas denying the motion to enforce the forum selection clause and the motion to compel arbitration.

**{¶14}** Appellants assign as error:

**{¶15}** "I. APPELLEE'S NOTICE OF VOLUNTARY DISMISSAL DIVESTED THE TRIAL COURT OF SUBJECT MATTER JURISDICTION TO DETERMINE ANY FURTHER MATTERS.

**{¶16}** "II. THE TRIAL COURT ERRED BY DETERMINING THAT APPELLANTS HAD WAIVED THEIR RIGHT TO SEEK ENFORCEMENT OF THE FORUM SELECTION CLAUSE.

**{¶17}** "III. THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE FORUM SELECTION CLAUSE IN THE AGREEMENT BETWEEN THE PARTIES.

**{¶18}** "IV. THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE ARBITRATION CLAUSE IN THE AGREEMENT BETWEEN THE PARTIES."

I

**{¶19}** In the first assignment of error, Appellants assert the notice of voluntary dismissal divested the trial court of jurisdiction.  We agree.

**{¶20}** Ohio Civil Rule 41(A) provides,

**{¶21}** "(A) Voluntary dismissal: effect thereof

**{¶22}** "*(1) By plaintiff; by stipulation.* Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

**{¶23}** "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

**{¶24}** "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

**{¶25}** "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."

**{¶26}** In this case, the trial court's January 23, 2012 Judgment Entry dismissing the action was time stamped and filed in the trial court docket prior to Appellee's Civil Rule 41(A) voluntary dismissal of the action without prejudice. To that extent, Appellee's notice of voluntary dismissal was a nullity with respect to the trial court's order of dismissal. Accordingly, this Court had jurisdiction to rule upon the prior appeal and render our decision in *Bumpus v. Ward*, Fifth Dist. Knox. No. 2012 CA 5, 2012-Ohio-4674.

**{¶27}** However, upon this Court's reversal of the trial court's January 23, 2012 Judgment Entry dismissing the case, the trial court resumed jurisdiction. Once remanded, we find Appellee's Civil Rule 41(A) dismissal without prejudice became immediately effective in dismissing the case.

**{¶28}** Once a case is dismissed, we hold Appellee cannot reverse the effect or impact of her voluntary dismissal; rather, pursuant to Civil Rule 41 and Ohio law, Appellee must recommence the action.

**{¶29}** Accordingly, we find the trial court erred in granting Appellee's motion to vacate the voluntary dismissal. Appellants' first assignment of error is sustained.

II. III., & IV.

**{¶30}** Based upon our disposition of Appellants' first assignment of error, Appellants' second, third and fourth assigned errors are moot.

{¶31} The January 12, 2013 judgment entries of the Knox County Court of Common Pleas are reversed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur